# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DONALD D. WILLIS, *pro se* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07-cv-02348-JR |
| | ) | |
| CITI RESIDENTIAL LENDING, and | ) | |
| AMERIQUEST MORTGAGE COMPANY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF AMERIQUEST MORTGAGE COMPANY'S AND CITI RESIDENTIAL LENDING, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Court should dismiss plaintiff Donald D. Willis' ("plaintiff") Complaint Based Upon Predatory Lending and Mortgage Fraud ("Complaint") against Ameriquest Mortgage Company ("Ameriquest") and Citi Residential Lending, Inc. ("Citi Residential") for two reasons.

First, the Court does not have personal jurisdiction over Ameriquest or Citi Residential. None of the allegations in plaintiff's Complaint arise out of conduct in the District of Columbia, nor are the claims related to any conduct in the District of Columbia. Plaintiff's claims concern alleged conduct with respect to his property located in Fort Worth, Texas, and the Complaint does not allege – nor can it – any conduct occurring in the District of Columbia. Accordingly, the Court should dismiss the matter against Ameriquest and Citi Residential pursuant to Fed. R. Civ. P. 12(b)(2).

Second, venue is not proper in this District. The Complaint contains no factual or legal basis for suit in the District of Columbia. Each of plaintiff's claims alleges conduct arising from a mortgage loan on plaintiff's property in Fort Worth, Texas. Neither plaintiff, Ameriquest, nor

Citi Residential are residents of the District of Columbia and plaintiff's purported injuries, if any, occurred in Texas. The Court should thus dismiss this matter pursuant to Fed. R. Civ. P. 12(b)(3).

### <u>Factual Background</u>[1]

On December 19, 2007, plaintiff filed his Complaint in the United States District Court for the District of Columbia. Dckt. No. 1. On January 14, 2008, plaintiff purported to serve Ameriquest with a copy of the summons and Complaint by certified mail. Dckt. No. 5. Plaintiff mailed the summons and Complaint to Ameriquest's principal place of business in California. <u>Id.</u> On January 15, 2008, plaintiff purported to serve Citi Residential with a copy of the summons and Complaint by certified mail. Dckt. No. 4. Plaintiff mailed the summons and Complaint to Citi Residential's principal place of business in California. <u>Id.</u> Plaintiff's Complaint brings claims for predatory lending and mortgage fraud. Compl. para. 1.

Plaintiff is a resident of Texas and resides in Fort Worth Texas. Compl. para. 3. Plaintiff is not a resident of the District of Columbia. <u>Id.</u> The Complaint alleges that Ameriquest and Citi Residential's business addresses are in Orange, California. Compl. at paras. 4, 5. Ameriquest is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California. <u>See</u> Exs. 1, 2 to Declaration of Charles L. Eisen, dated February 4, 2008 ("Eisen Decl."). Citi Residential is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California. <u>See</u> Exs. 3, 4 to Eisen Decl.

The Complaint generally alleges predatory lending and mortgage fraud in connection with a mortgage loan extended on a property located at 7205 Norma Street, Fort Worth, Texas.

---

[1]    The following facts are drawn from the allegations made in plaintiff's Complaint or from information with respect to which the Court may take judicial notice.

<u>Id.</u> at paras. 1, 3, 6-8.  The Complaint does not allege that any conduct took place in the District of Columbia.  <u>See</u> Compl.

<u>**Argument**</u>

## I.    THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER AMERIQUEST OR CITI RESIDENTIAL

Plaintiff bears the burden of establishing personal jurisdiction.  <u>Naartex Consulting Corp. v. Watt</u>, 722 F.2d 779, 785 (D.C. Cir. 1983); <u>Burman v. Phoenix Worldwide Industries, Inc.</u>, 437 F. Supp. 2d 142, 147 (D.D.C. 2006); <u>Schutter v. Herskowitz</u>, 2007 WL 1954416, at *2 (D.D.C. July 5, 2007).  Plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations.[2]  <u>Schutter</u>, 2007 WL 1954416, at *2 (court lacked personal jurisdiction over defendants where allegations arose from a dispute concerning property located in Pennsylvania); <u>Naartex Consulting Corp.</u>, 722 F.2d at 787.  The Court may receive and weigh affidavits and other relevant matter to assist in determining jurisdictional facts.  <u>Atlantigas Corp. v. Nisource, Inc.</u>, 290 F. Supp. 2d 34, 42 (D.D.C. 2003).

Plaintiff's jurisdictional allegations must arise from the same conduct of which it complains.  <u>Id.</u> at 44; <u>COMSAT Corp. v. Finshipyards S.A.M.</u>, 900 F.Supp. 515, 520 (D.D.C. 1995); D.C. Code § 13-423(b).  In meeting his burden, plaintiff must establish both that (1) the exercise of jurisdiction would satisfy the requirements of the District of Columbia's long-arm statute, D.C. Code § 13-423, and (2) the exercise of personal jurisdiction satisfies due process requirements.  <u>Simpson v. Federal Bureau of Prisons</u>, 496 F. Supp. 2d 187, 192 (D.D.C. 2007).  Where, as here, "a defendant does not reside within or maintain a principal place of business in the District of Columbia, then the District's long-arm statute, D.C. Code § 13-423, <u>provides the</u>

---

[2]    Plaintiff also cannot "aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant."  <u>Burman</u>, 437 F. Supp. 2d at 147.

only basis in which a court may exercise personal jurisdiction over the defendant." Savage v.
Bioport, Inc., 460 F. Supp. 2d 55, 60 (D.D.C. 2006) (emphasis added) (citation omitted).
Further, when a complaint fails to allege any facts that plaintiff suffered an injury in the District
of Columbia, dismissal for lack of personal jurisdiction is proper. Simpson, 496 F. Supp. 2d at
192 (dismissing case for lack of personal jurisdiction).

**A.  The Court Lacks Personal Jurisdiction Pursuant To The District of Columbia's Long-Arm Statute**

The District of Columbia's long-arm statute provides, in relevant part, that a court in the
District of Columbia may exercise personal jurisdiction over a party who acts directly or by an
agent, as to a claim for relief arising from the party's:

(1)  transacting any business in the District of Columbia;

(2)  contracting to supply services in the District of Columbia;

(3)  causing tortious injury in the District of Columbia by an act or omission in the
District of Columbia;

(4)  causing tortious injury in the District of Columbia by an act or omission outside
the District of Columbia if he regularly does or solicits business, engages in any
other persistent course of conduct, or derives substantial revenue from goods used
or consumed, or services rendered, in the District of Columbia; and

(5)  having an interest in, using, or possessing real property in the District of
Columbia. D.C. Code § 13-423.

As set forth below, plaintiff has not and cannot satisfy any prong of the long-arm statute
and thus cannot establish that the Court has personal jurisdiction over Ameriquest or Citi
Residential. Savage, 460 F. Supp. 2d at 60 (granting motion to dismiss for lack of personal
jurisdiction).

First, plaintiff's Complaint does not allege that Ameriquest or Citi Residential transacted business in the District of Columbia – in fact, it concedes that their principal places of business are in California.[3]  Compl. paras. 4, 5.  Although plaintiff alleges in a conclusory fashion that the "Court has jurisdiction [for defendants'] violations of predatory lending practices," Compl. para. 2,[4] under the long-arm statute, "the claim itself must have arisen from the business transacted in the District of Columbia or there is no jurisdiction." Atlantigas Corp., 290 F. Supp. 2d at 44.

Here, the alleged acts described in plaintiff's Complaint have no connection with the District of Columbia.  Rather, they relate entirely to plaintiff's mortgage loan, which is secured by plaintiff's property in Fort Worth, Texas.  See, e.g., Compl. at paras. 3, 6, 7.  Because plaintiff's Complaint does not allege any business activity that occurred in the District of Columbia, nor does it allege that such activity had a consequence in the District of Columbia, it must be dismissed.  Naartex Consulting Corp., 722 F.2d at 786 (transaction of business must be "in connection with the operative facts of [plaintiff's] action; affirming dismissal for lack of personal jurisdiction); Burman, 437 F. Supp. 2d at 148 (for plaintiff to establish personal jurisdiction under 13-423(a)(1), the claim must arise from business transacted in the District of Columbia); Atlantigas Corp., 290 F. Supp. 2d at 44.

Second, D.C. Code § 13-423(a)(2) can only apply "to a non-resident who injects itself into the District by agreeing to provide some service to the resident in the District." COMSAT Corp., 900 F.Supp. at 524 (plaintiff failed to demonstrate personal jurisdiction under D.C. Code § 13-423(a)(2)).  But nowhere in the Complaint does plaintiff even claim that Ameriquest or Citi

---

[3]    The phrase "transacting any business" only extends to those contractual activities of a nonresident that have a consequence in the District of Columbia.  Burman, 437 F. Supp. 2d at 148 (granting motion to dismiss for lack of personal jurisdiction).

[4]    Plaintiff cannot rely on his entirely conclusory allegation to survive Ameriquest's and Citi's motion.  Schutter, 2007 WL 1954416, at *2.

Residential contracted with plaintiff to supply services in the District of Columbia. And even he could assert such a claim (which he cannot), plaintiff's allegations stem from a mortgage loan relating to property in Fort Worth, Texas and not from a contract that was located, executed, or to be performed in the District of Columbia. Accordingly, plaintiff cannot establish personal jurisdiction pursuant to D.C. Code § 13-423(a)(2).

Third, the Complaint does not allege that Ameriquest and Citi Residential caused tortious injury to plaintiff by an act or omission in the District of Columbia pursuant to D.C. Code § 13-423(a)(3) or caused tortious injury to plaintiff within the District by an act or omission outside of the District of Columbia under D.C. Code § 13-423(a)(4). To the extent that the Complaint alleges that Ameriquest or Citi Residential caused plaintiff any tortious injury, which they did not, such injury could only occur in Fort Worth, Texas, the location of plaintiff's property and plaintiff's residence, and the subject of plaintiff's Complaint.[5] Accordingly, plaintiff cannot make the requisite showing under either D.C. Code § 13-423(a)(3) or D.C. Code § 13-423(a)(4) that his alleged injuries resulted from Ameriquest's or Citi Residential's contacts with the District of Columbia. Burman, 437 F. Supp. 2d at 152 (granting motion to dismiss and finding that plaintiff failed to meet either 13-423(a)(3) or (a)(4) of the long-arm statute).

Fourth, the Complaint does not allege that the dispute arises from Ameriquest's or Citi's possession of real property in the District of Columbia. Instead, it solely arises out of a property dispute in Texas – where the plaintiff's mortgage loan was originated and where plaintiff's property is located. Plaintiff thus fails to satisfy D.C. Code § 13-423(a)(5). Because plaintiff

---

[5]    Section 13-423(a)(3) requires that "both act and injury occur in the District of Columbia." Burman, 437 F. Supp. 2d at 152. Here, neither the purported injury, nor the alleged act, occurred in the District of Columbia. Similarly, Section 13-423(a)(4) "contemplates jurisdiction when there is tortious injury within the District." McFarlane v. Esquire Magazine, 74 F.3d 1296, 1300 (D.C. Cir. 1996).

cannot satisfy any prong of the long-arm statute, he cannot meet his burden of establishing that

the Court can exercise personal jurisdiction over Ameriquest or Citi Residential, and his claims

should be dismissed.

> **B.    The Exercise Of Personal Jurisdiction Over Ameriquest And Citi Residential Would Violate The Due Process Clause Under The Minimum Contacts Analysis**

Even assuming, for the sake of argument only, that plaintiff could meet his burden under

the long-arm statute, plaintiff must demonstrate sufficient minimum contacts between

Ameriquest, Citi Residential, and the District of Columbia such that the exercise of personal

jurisdiction would comport with traditional notions of fair play and substantial justice. Burman,

437 F. Supp. 2d at 148.  Plaintiff must therefore establish that: (1) defendants purposefully

availed themselves of the privilege of conducting activities in the District of Columbia, thereby

invoking the benefits and protections of its laws; (2) the causes of action arise from, or are

connected with, such availment; and (3) the exercise of jurisdiction must be reasonable in that it

must not offend traditional notions of fair play and substantial justice. Id.  In so doing, plaintiff

must demonstrate that the "litigation results from the alleged injuries that 'arise out of or relate

to' those activities" in the forum. Marsoun v. U.S., --- F. Supp. 2d ----, 2007 WL 4355432, at *5

(D.D.C. Dec. 14, 2007) (granting motion to dismiss for lack of personal jurisdiction where

plaintiff and defendants were residents of another state and allegations in complaint did not arise

out of any actions taken in District of Columbia).

> **1.    Ameriquest and Citi Residential have not purposefully availed themselves of the privilege of conducting activities in the District of Columbia**

Here, defendants have not "purposefully availed" themselves of the privilege of

conducting business activities in the District of Columbia with respect to plaintiff's claims.  As

explained above, plaintiff's claims simply do not arise out of any action by Ameriquest or Citi

Residential in the District of Columbia.  The mortgage loan that is the subject of the Complaint is secured by property in Texas.  Because plaintiff here cannot meet the "purposeful availment" requirement of the minimum contacts test, his claims against Ameriquest and Citi Residential should be dismissed.

> **2.      Plaintiff's claims do not arise out of any activity by Ameriquest or Citi Residential in the District of Columbia of which there is none**

The Complaint does not meet the second prong of the minimum contacts test.  To do so, "the claim itself must have arisen from the business transacted in the District of Columbia or there is no jurisdiction."  Atlantigas Corp., 290 F. Supp. 2d at 44.  Because plaintiff is a resident of Texas and is seeking to recover damages as a result of his mortgage loan secured by his property in Texas, by definition, plaintiff's claims cannot arise out of any activity by Ameriquest or Citi Residential in the District of Columbia.  Accordingly, plaintiff cannot plead that his injuries resulted from defendants' contacts with the District of Columbia, and his claims against Ameriquest and Citi Residential should be dismissed.

> **3.      The Court's exercise of personal jurisdiction over Ameriquest and Citi Residential would be unfair and unreasonable**

With respect to the third prong of the minimum contacts test, the Court must determine whether Ameriquest and Citi Residential have a substantial enough connection with the District of Columbia to make the exercise of jurisdiction over them reasonable.  Marsoun, 2007 WL 4355432, at *5.  The exercise of personal jurisdiction over Ameriquest and Citi Residential must not "offend traditional notions of fair play and substantial justice."  Id. (granting motion to dismiss for lack of personal jurisdiction).  In applying this standard, courts consider the following factors: (1) the burden on the defendant of defending itself in a jurisdiction with which it has no connection; (2) the interest of the forum state or territory; (3) the plaintiff's interest in obtaining relief; and (4) the judicial system's interest in obtaining efficient results.  Brunson v.

Kalil & Co., Inc., 404 F. Supp. 2d 221, 238 (D.D.C. 2005).

The application of these factors to the instant matter mandates the dismissal of this suit, particularly given (1) the total absence of any contact between plaintiff, defendants, and the District of Columbia and (2) the complete lack of any nexus between the District of Columbia and plaintiff's claims. As discussed above, plaintiff's Complaint does not concern conduct that occurred in the District of Columbia, and none of the parties reside in the District of Columbia. "Where the parties are both non-residents, the District's 'legitimate interests in the dispute have considerably diminished." Brunson, 404 F. Supp. 2d at 238. Furthermore, the District of Columbia has no interest in a matter that solely concerns property in Texas, belonging to a resident of Texas, and relating to a Texas mortgage loan, particularly where the defendants' places of incorporation and principal places of business are not within the District. Finally, the efficiency of the forum is evaluated by looking at where the witnesses and evidence are likely to be located. Defendants' witnesses and evidence, if any, would be located out of the District – including the plaintiff – and thus, as a matter of law, the scales tip against the efficiency of the District of Columbia as the forum. See id. Because the balancing of the factors establishes that the Court cannot reasonably exercise jurisdiction over Ameriquest or Citi Residential in the District of Columbia, the Court should grant Ameriquest's and Citi Residential's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Also, because Ameriquest and Citi Residential are not subject to personal jurisdiction in the courts of the District of Columbia, the attempt to effect service of process on Ameriquest and Citi Residential in the State of California was beyond the territorial limits of effective service

prescribed by Fed. R. Civ. P. 4(k),[6] and the action against Ameriquest and Citi Residential must

be dismissed under Fed. R. Civ. P. 12(b)(5) for insufficiency of service of process.

## II.    THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA IS THE IMPROPER VENUE FOR THE PRESENT ACTION

Plaintiff bears the burden of establishing that venue is proper.  Varma v. Gutierrez, 421 F.

Supp. 2d 110, 113 (D.D.C. 2006); Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276-77

(D.D.C. 2002).  Plaintiff's Complaint does not contain any allegations of venue.  See Compl.

The venue statute, 28 U.S.C. § 1391, provides that a civil action wherein jurisdiction is founded

upon diversity of citizenship may be brought only in: (1) a judicial district where any defendant

resides, if all defendants reside in the same State,[7] (2) a judicial district in which a substantial

part of the events or omissions giving rise to the claim occurred, *or a substantial part of property*

*that is the subject of the action is situated*, or (3) a judicial district in which any defendant is

subject to personal jurisdiction at the time the action is commenced, if there is no district in

which the action may otherwise be brought.  See 28 U.S.C. § 1391(a) (emphasis added).[8]  Where

---

[6]    Fed. R. Civ. P. 4(k), in relevant part, defines the territorial limits of effective service of process as follows:  "[t]he service of a summons…is effective to establish jurisdiction over the person of a defendant…who could be subjected to the jurisdiction of a court of general jurisdiction in the [territory] in which the district court is located."  Rule 4(k)(1)(A).  Thus, as non-resident defendants upon whom plaintiff attempted to effect service of process in the State of California, Ameriquest and Citi Residential may be summoned into this Court only if they could be subjected to the jurisdiction of the courts of the District of Columbia under the long-arm statute, D.C. Code § 13-423, which they cannot.  COMSAT Corp. v. Finshipyards S.A.M., 900 F.Supp. 515, 519-20, 525 (D.D.C. 1995).

[7]    For the purposes of venue, a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  As outlined above, the Court does not have personal jurisdiction over Ameriquest and Citi Residential in this matter.

[8]    Subsections 1 and 3 of 28 U.S.C. § 1391 are inapplicable because neither defendant resides in the District of Columbia and is not subject to personal jurisdiction in the District of Columbia for the claims alleged in plaintiff's Complaint.

venue is improper, the Court, in its discretion, can dismiss the matter.  <u>Naartex Consulting Corp. v. Watt</u>, 722 F.2d 779, 789 (D.C. Cir. 1983) (district court did not abuse its discretion in dismissing case for lack of venue); 28 U.S.C. § 1406 (providing for dismissal when venue is defective).

　　　Each of the acts complained of in the Complaint[9] occurred in Texas where the plaintiff resides, where plaintiff obtained his mortgage loan, and where the property is located.  Where, as here, the Complaint concerns causes of action arising from a mortgage loan secured by property located in another district, and the events giving rise to the claim occurred in that other district, the Complaint should be dismissed for improper venue.  <u>Naartex Consulting Corp.</u>, 722 F.2d at 789 (Fed. R. Civ. P. 12(b)(3) dismissal properly granted); <u>see also</u> <u>Schutter</u>, 2007 WL 1954416 at *6.[10]  Accordingly, plaintiff's Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(3).

## <u>CONCLUSION</u>

　　　For the reasons set forth above, Ameriquest and Citi Residential respectfully request that the Court: (1) grant their instant motion, dismissing all of plaintiff's claims with prejudice and entering judgment for Ameriquest and Citi Residential; and (2) grant such other relief as the Court deems just and equitable.

---

[9]　　Plaintiff claims that Ameriquest and Citi have committed "predatory lending and mortgage fraud," Compl. para. 1, that "[t]he defendant[s] in an arbitrary and capricious way have denied the plaintiff the opportunity to own and refinance his home because of predatory lending policies," <u>id.</u> at para. 6, "[t]he defendant … has tried to desuade [sic] the plaintiff from keeping his home by conducting predatory lending policies against him," <u>id.</u> at para. 7, and "[t]he defendants [are] part of a mortgage deception and predatory lending scheme to defraud the plaintiff," <u>id.</u> at second para. 8.

[10]　　Ameriquest and Citi Residential reserve their rights to challenge plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY and
CITI RESIDENTIAL LENDING, INC.

By their attorneys,

/s/ *Charles L. Eisen*

_____

Charles L. Eisen (DC Trial Bar No. 03764)
KIRKPATRICK & LOCKHART
    PRESTON GATES ELLIS LLP
1601 K Street, N.W.
Washington, District of Columbia 20006
Tel: (202) 778-9000
Fax: (202) 778-9100
charles.eisen@klgates.com

R. Bruce Allensworth
Phoebe S. Winder
Ryan M. Tosi
KIRKPATRICK & LOCKHART
    PRESTON GATES ELLIS LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Fax: (617) 261-3175
phoebe.winder@klgates.com
ryan.tosi@klgates.com
bruce.allensworth@klgates.com

Dated:  February 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 4th day of February, 2008.

Donald D. Willis, *pro se*
7205 Norma Street
Ft. Worth, TX 76112

/s/ *Charles L. Eisen*
_____
Charles L. Eisen